## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| WILLIAM R. HANSON, | Case No.: 2:10-cv-1649-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. |  |
| MICHAEL JOHNSON, a Florida resident, DREAM MAKER LLC, a Florida entity doing business as DREAM MAKER SPAS  DOES I - XL; and ROE CORPORATIONS  XI - XX, inclusive, |  |
| Defendants. |  |

## **INTRODUCTION**

Before the Court is Defendant Dream Maker, LLC's Motion to Dismiss (ECF No. 7). Co-Defendant Michael Johnson filed a Response on November 24, 2010 (ECF No. 13). Plaintiff William R. Hanson filed a Joinder to the Response (CCF No. 15). Defendant filed a Reply on December 3, 2010 (ECF No. 17).

Also before the Court is Defendant Dream Maker, LLC's Motion to Dismiss Defendant Johnson's Cross-Claim (ECF No. 18).  Cross-Claimant Michael Johnson filed a Response (ECF No. 24) and Defendant filed a Reply (ECF No. 25).

Plaintiff subsequently filed a Motion to Amend/Correct Complaint (ECF No. 27). Defendant Dream Maker, LLC filed a Response on April 7, 2011 (ECF No. 28) and Plaintiff filed a Reply on April 22, 2011 (ECF No. 29).

## **FACTS AND BACKGROUND**

This case arises out of an altercation that occurred between two parties at a Mandalay

1  Bay Hotel and Casino club, Eye Candy in Las Vegas, Nevada.  In November 2009, Plaintiff
2  Hanson attended an event called the National Pool and Spa Convention as a representative of
3  Lonestar. (Complaint¶¶9–10, pg. 3, ECF No. 1).  One evening during the convention, Hanson,
4  accompanied by Philip Novack, Andreas Cordon and Michael Fellas, attended the club Eye
5  Candy to unwind from the day's convention's events. (*Id.* at ¶¶11–12).

6  At some point in the evening, two salesmen for Dream Maker, Gibb Teal and Mike
7  Raines, approached Hanson's table and requested that Lonestar carry Dream Maker products.
8  (*Id.* at ¶ 13).  Hanson explained that he did not feel Dream Maker's products were a good fit for
9  his company. (*Id.*).  Later that night, at approximately 2:00 in the morning, Hanson approached
10 Novak who was sitting at the bar next to Michael Johnson, President of Dream Maker Spas. (*Id.*
11 at ¶14).  Hanson alleges that as soon as he approached the bar, Johnson immediately punched
12 Hanson in the face and nose, rendering Hanson unconscious. (*Id.* at ¶15).  Johnson tried to flee
13 the scene but was detained by the club's security personnel. (*Id.* at ¶16).

14 Hanson suffered a "severe deviated septum" requiring surgical intervention. (*Id.* at ¶17).
15 Hanson alleges that he has incurred substantial medical expenses as a result of the attack and has
16 also lost significant earnings as a result of his inability to return to work immediately following
17 the attack. (*Id.* at ¶¶18–19).

18 Hanson filed suit against Michael Johnson and Dream Maker, LLC on September 24,
19 2010.  Hanson's Complaint alleges thirteen claims for relief against Defendants: (1) assault;
20 (2) battery; (3) intentional infliction of emotional distress; (4) negligence; (5) negligent infliction
21 of emotional distress; (6) respondeat superior; (7) negligent hiring; (8) negligent supervision;
22 (9) negligent training; (10) negligent retention; (11) intentional interference with prospective
23 economic advantage; (12) lost income/wages/earning capacity; and (13) punitive damages.
24 Johnson filed a cross-claim against Dream Maker, LLC alleging causes of action of
25 implied/equitable indemnity, contractual indemnity, and contribution. (Answer and Cross claim,

ECF No. 14). Subsequently Dream Maker, LLC filed a Motion to Dismiss Hanson's Complaint (ECF No. 7) and a Motion to Dismiss Johnson's Cross claim (ECF No. 18).

Hanson then filed a motion to Amend/Correct Complaint pursuant to Rule 15(a). (ECF No. 27). Hanson seeks to clarify and amend some of the existing allegations and to add additional parties.

## DISCUSSION

### A.    Motion to Amend Complaint

Plaintiff filed a motion to amend the complaint on March 22, 2011. (ECF No. 27). Plaintiff wishes to amend the complaint to clarify some of the existing allegations and identify additional parties.

Fed. R. Civ. P. 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." A district court, however, may in its discretion deny leave to amend " due to 'undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227(1962)).

Defendant Dream Maker, LLC opposes the motion because granting leave to identify Leisure Bay Industries, Inc., Leisure Bay Manufacture, Inc. and Michica, Inc. as additional parties would be futile. Dream Maker argues that Leisure Bay Manufacture, Inc. was recently purchased by another company and Leisure Bay Industries is currently in the process of being foreclosed upon. However, Dream Maker has not provided any evidence that this is the case for the Court to determine if amendment really would be futile.

Further Dream Maker argues that even if Plaintiff adds additional facts to the claims to support his allegations, Plaintiff would still fail to state a claim against Dream Maker. However,

the Court has given the original complaint and the pleadings regarding Dream Maker's motion to dismiss a cursory review and determined that it would not be futile to allow Plaintiff leave to amend his complaint to aver additional facts.

Dream Maker does not argue that Plaintiff's motion is in bad faith or that it will be unduly prejudiced by such an amendment. Accordingly, Plaintiff's Motion to Amend Complaint is GRANTED. Defendant Dream Maker's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) is DENIED as moot.

### B.      Motion to Dismiss Cross-Claim

Defendant/Cross-Claimant Johnson was allegedly the President of Dream Maker at the time of the incident. Johnson and Hanson allege that Johnson was acting within the scope and furtherance of his employee relationship. As such, Johnson alleges three causes of action against Defendant Dream Maker: (1) implied/equitable indemnity; (2) contractual indemnity; and (3) contribution.

#### 1.      Implied/equitable indemnity

Noncontractual or "implied indemnity" is an equitable remedy that allows a defendant to seek recovery from other potential tortfeasors whose negligence primarily caused the injured party's harm. *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 801 (Nev. 2009). "[E]quitable indemnity is a judicially-created construct to avoid unjust enrichment." *Medallion Dev. v. Converse Consultants*, 930 P.2d 115, 119 (1997), superseded by statute on other grounds as stated in *The Doctors Company v. Vincent*, 98 P.3d 681, 688 (2004). "[T]he basis for indemnity is restitution; one person is unjustly enriched when another discharges liability that it should be his responsibility to pay." *Piedmont Equip. Co. v. Eberhard Mfg. Co.*, 665 P.2d 256, 528 (Nev. 1983). Because "[a]ctive wrongdoers should bear the consequences of their injurious actions," equitable indemnity "is only available 'so long as the indemnitee is free from active wrongdoing regarding the injury to the plaintiff.'" *Medallion*, 930 P.2d at 119-20 (quoting *Piedmont*, 665

P.2d at 259). "Evidence supporting only passive negligence, breach of implied warranty or strict liability is insufficient to establish active wrongdoing." *Id.*

These general principals apply in the principal-agent context. "A principal has a duty to indemnify an agent ... when the agent suffers a loss that fairly should be borne by the principal in light of their relationship." Restatement (Third) of Agency § 8.14(2)(b) (2006). "A principal's duty to indemnify does not extend to losses [incurred by the agent] that result from the agent's own negligence, illegal acts, or other wrongful conduct." *Id.* § 8.14 cmt. b.

Cross-Claimant Johnson alleges that any of Plaintiff's damages have arisen out of the conduct, errors, and omissions of Cross-Defendant Dream Maker.  Johnson alleges that Dream Maker's conduct is the primary and active cause of injury to Plaintiff.  This Court is not required to accept as true Johnson's conclusory allegations regarding the respective liabilities of Dream Maker and Johnson in relation to primary plaintiff Hanson.  Johnson clearly played an active role in injuring Plaintiff and under the facts alleged there would be no scenario where Johnson would be free from active wrongdoing.  A principle is not required to indemnify losses incurred by the agent as the result of the agent's own wrongful conduct.  Accordingly, Cross-Claimant Johnson's first claim for equitable indemnity is dismissed with prejudice.

### 2. Contractual Indemnity

"Contractual indemnity is where, pursuant to a contractual provision, two parties agree that one party will reimburse the other party for liability resulting from the former's work." *Medallion*, 930 P.2d at 119 (1997), superseded by statute on other grounds as stated in *Doctors Company v. Vincent*, 120 Nev. 644, 654, 98 P.3d 681, 688 (2004). Cross-Claimant Johnson alleges that a contract exists between Johnson and Dream Maker wherein Dream Maker agreed to indemnify Johnson for claims and lawsuits.  Dream Maker disputes that such a contract exists.  Dream Maker also argues that this claim is premature because Johnson has not yet been held liable to Plaintiff for Plaintiff's injuries.

Although a cause of action for indemnity does not arise in Nevada until the party seeking indemnity has discharged a legal obligation through settlement or judgment, *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 801 (Nev.2009) (citing *The Doctors Co.*, 98 P.3d at 686 (Nev.2004)), a federal court may entertain such a cause of action "prematurely" so long as (1) any resulting judgment against a third-party defendant is made contingent on the defendant's payment to the plaintiff or (2) the court stays any judgment against a third-party defendant until the defendant shows that it has paid the plaintiff, *Andrulonis v. United States*, 26 F.3d 1224, 1233–34 (2d Cir.1994) (holding that the "may be liable" language of Rule 14(a) permitted a contribution claim in federal court by a defendant even before the defendant had been held liable to the plaintiff, despite New York law to the contrary).

The court must accept as true Johnson's claim that there exists a contract wherein Dream Maker expressly agreed to indemnify Johnson.  Therefore this claim will not be dismissed.

### 3.  Contribution

Contribution allows one tortfeasor to extinguish joint liabilities through payment to the injured party, and then seek partial reimbursement from joint tortfeasors for sums paid in excess of the settling or discharging tortfeasor's equitable share of the common liability.  *The Doctors Co.*, 98 P.3d at 686; N.R.S. § 17.225.

Defendants argue that Cross-Claimant Johnson cannot seek equity with "unclean hands." According to N.R.S. 17.255, "there is no right of contribution in favor of any tortfeasor who has intentionally caused or contributed to the injury or wrongful death."  Accordingly, Dream Maker argues that to the extent Hanson's claims against Johnson are based on Johnson's alleged intentional torts, Johnson is not entitled to contribution from Dream Maker.  However, Dream Maker does not argue that there would be no right of contribution to Johnson arising out of Johnson's negligent actions.

Accordingly, the Court will not dismiss the contribution claim because Plaintiff Hanson

has alleged unintentional torts against Johnson and Dream Maker. To the extent Johnson and Dream Maker are found jointly and severally liable to Hanson for the unintentional torts, Johnson can seek contribution from Dream Maker. However, Johnson cannot seek contribution from Dream Maker for any of the intentional torts.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend (ECF No. 27) is **GRANTED**. Defendant Dream Maker's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant Dream Maker's Motion to Dismiss Cross-Claimant Johnson's Cross-Complaint (ECF No. 18) is **GRANTED in part** and **DENIED in part** as stated in this Order. Johnson's first cross-claim against Dream Maker for equitable indemnity is **DISMISSED with prejudice**.

DATED this 30th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[1] Dream Maker also argues that the claim for contribution is premature. For the reasons given *supra* that a claim for indemnity is not premature, likewise this claim for contribution is not premature.