BRYAN A. BOYACK, ESQ
Nevada Bar No. 9980
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
TEL: (702) 444-4444
FAX: (702) 444-4455
Bryan@richardharrislaw.com
*Attorney for Cross-Defendants*
JOHNSON and MICHICA, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM R. HANSON, a Texas resident,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOHNSON, a Florida resident, DREAM MAKER LLC, a Florida entity *doing business as* DREAM MAKER SPAS; DOES I-XL; and ROE CORPORATIONS XI-XX,<br><br>Defendants. | Case No.: 2:10-cv-01649-GMN-LRL<br><br><br><br><br><br>**ORDER** |
| MANDALAY CORP., a Nevada corporation, dba MANDALAY BAY HOTEL & CASINO,<br><br>Cross-Claimant,<br><br>vs.<br><br>MICHAEL JOHNSON, a Florida resident, DREAM MAKER LLC, a Florida limited Liability company, dba DREAM MAKER SPAS; MICHICA, INC., a Florida corporation; LEISURE BAY INDUSTRIES, INC., a Florida Corporation; LEISURE BAY MANUFACTURING, INC., a Florida Corporation; DOES 1-XL; and ROE CORPORATIONS XI-XX,<br><br>Cross-Defendants. | |

MICHAEL JOHNSON,

    Cross-Claimant,

vs.

DREAM MAKER LLC d/b/a DREAM MAKER SPAS, inclusive,

    Cross-Defendant

## INTRODUCTION

Previously before the Court and ruled upon as GRANTED were the following:

1. Motion for Good Faith Settlement by Defendant Michael Johnson (ECF No. 52);
2. Motion for Good Faith Settlement by Defendant Michica, Inc. (ECF No. 53);
3. Conditional Opposition 62 to Defendants Michael Johnson and Michica, Inc.'s Motions for Good Faith Settlement and Countermotion for Good Faith Settlement.

## PROCEDURAL BACKGROUND

This case arises out of an altercation that occurred between two parties at a Mandalay Bay Hotel and Casino club, Eye Candy, in Las Vegas Nevada. Plaintiff Hanson, and Defendant Johnson, were both attendees at the National Pool and Spa Convention as representatives of competing companies. Hanson brought suit against Johnson and Dream Maker LLC d/b/a Dream Maker Spas ("Dream Maker"), alleging (1) Assault; (2) battery; (3) intentional infliction of emotional distress; (4) negligence; (5) negligent infliction of emotional distress; (6) respondeat superior; (7) negligent hiring; (8) negligent supervision; (9) negligent training; (10) negligent retention; (11) intentional interference with prospective economic advantage; (12) lost income/wages/earning capacity; and (13) punitive damages.

Dream Maker filed a Motion to Dismiss Hanson's Complaint (ECF No. 7) and further moved to dismiss the Cross-claim filed by Johnson (ECF No. 18), which sought (1) implied/equitable indemnity; (2) contractual indemnity; and (3) contribution.

Hanson subsequently filed a Motion to Amend/Correct Complaint seeking to clarify some of the existing allegations and identify additional parties. (ECF No. 27) Dream Maker

filed a Response (ECF No. 28), and Plaintiff filed a Reply (ECF No. 29 Hanson's Motion to Amend was Granted. Dream Maker's Motion to Dismiss was denied as moot.

As to Dream Maker's Motion to Dismiss Defendant Johnson's Cross-Claim (ECF No. 18), this Court dismissed with prejudice Johnson's first cross-claim for equitable indemnity; upheld the Johnson's second cross-claim for contractual indemnity; and upheld Johnson's third cross-claim for contribution ruling that, to the extent Johnson and Dream Maker are found jointly and severally liable to Hanson for the unintentional torts, Johnson can seek contribution from Dream Maker, but that Johnson cannot seek contribution from Dream Maker for any of the intentional torts.

Hanson resolved his claims against Johnson and his insurer, State Farm Insurance Company on November 27, 2011, as evidenced by the Release of All Claims and Agreement to Indemnify, Defend, and Hold Harmless (the "Johnson Release"), attached as Exhibit B to the Addendum to Motion for Good Faith Settlement (ECF No. 58). The Johnson Release specifically stated that it did not affect Hanson's right to pursue claims against Dream Maker, Leisure Bay Industries, Inc., Michica, Inc., and Mandalay Corp.

Hanson resolved his claims against Michica, Inc. on November 27, 2011, as evidence by the Release of All Claims and Agreement to Indemnify, Defend, and Hold Harmless (the "Michica Release"), attached as Exhibit A to the Addendum to Motion for Good Faith Settlement (ECF No. 58). The Michica Release, likewise, did not affect Hanson's right to pursue claims against Dream Maker, Leisure Bay Industries, Inc., and Mandalay Corp.

Hanson resolved his claims against Mandalay Corp. on April 29, 2012, as evidenced by the Release of All Claims and Confidential Settlement Agreement, (the "Mandalay Release") attached hereto as Exhibit 1.

In Summary, Hanson's claims against Johnson have been resolved and released. Hanson's claims against Michica have been resolved and released. Hanson's claims against Mandalay Bay have been resolved and released released. Hanson reserves his right to pursue claims against Dream Maker.

## CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that Hanson's claims against Johnson are hereby dismissed; and it is

**FUTHER ORDERED** that Hanson's claims against Michica, Inc., are hereby dismissed; and it is

**FURTHER ORDERED** that Hanson's claims against Mandalay Bay are hereby dismissed.

**IT IS SO ORDERED** this 4th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge

Respectfully submitted by:

RICHARD HARRIS LAW FIRM

By: _____
BRYAN A. BOYACK, ESQ.
Nevada Bar No. 9980
801 South Fourth St
Las Vegas, NV 89101
*Attorney for Plaintiff*